FILED VIA MAIL

AUG 13 2026

CLERK, U.S. BANKRUPTCY
ORLANDO DIVISION

**UNITED STATES BANKRUPTCY COURT**
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:
Benjamin Tyler Poore-Barnes,
Debtor.
_____________________________________/

Case No. 6:26-bk-02440-LVV
Chapter 7

James Michael O'Hara,

Plaintiff,

v.

Benjamin Tyler Poore-Barnes,

Defendant.
_____________________________________/

Adv. Pro. No. 6:26-ap-00111-LVV

**PLAINTIFF'S MOTION FOR LEAVE TO APPEAR REMOTELY AT THE OCTOBER 1, 2026 HEARING AND PRETRIAL CONFERENCE OR, IN THE ALTERNATIVE, FOR AUTHORIZATION TO BRING A CELLULAR TELEPHONE INTO THE COURTHOUSE**

Plaintiff, James Michael O'Hara, appearing pro se, respectfully moves for leave to attend the hearing and pretrial conference set for October 1, 2026 by remote means or, in the alternative, for an order authorizing Plaintiff to bring a cellular telephone into the Courthouse, and states:

1. Two matters are set for October 1, 2026, at 11:00 AM in Courtroom 6C: the preliminary hearing on Defendant's Motion to Dismiss (Adv. Doc. 8), noticed by the Court on July 23, 2026 (Adv. Doc. 10), and the pretrial conference set by the Summons issued June 16, 2026 (Adv. Doc. 4). Plaintiff seeks relief as to both.

2. Plaintiff's spouse is a veteran whom the Department of Veterans Affairs has rated permanently and totally disabled. Plaintiff is her primary caregiver and her designated medical contact.

3. Her medical needs arise without advance notice. Plaintiff has already been required to transport her to the VA emergency department at least twice this year, on each occasion without warning. Plaintiff's cellular telephone is the contact line through which he is reached when this occurs.

4. Plaintiff's spouse is scheduled for admission to an inpatient program at a Department of Veterans Affairs hospital in Tampa on September 8, 2026, with discharge on September 25, 2026 — six days before the scheduled hearing. Her care needs are greatest in the period

immediately following an inpatient stay. The caregiver obligations described in paragraphs 2 and 3 are continuing and do not depend on this or any other scheduled admission.

5. Plaintiff is 69 years old and resides in east Orange County, approximately one hour from the Courthouse in ordinary traffic.

6. The matters set for October 1, 2026 are not evidentiary. The preliminary hearing concerns a motion under Fed. R. Civ. P. 12(b)(6), made applicable by Fed. R. Bankr. P. 7012, which is decided on the pleadings; briefing closed on July 27, 2026. As to the pretrial conference, Local Rule 7001-1(i) provides that the parties "may not introduce testimony or documentary evidence at the pretrial or status conference." Plaintiff accordingly does not seek to appear remotely at any evidentiary hearing or trial.

7. Plaintiff will appear by whatever platform the Court directs, will test the connection in advance, and will be available by telephone should the video connection fail. Plaintiff will be present and available for the entirety of the proceeding.

8. Plaintiff has documentation from the Department of Veterans Affairs substantiating the foregoing and will provide it upon the Court's request. Because it contains medical and personal identifying information, Plaintiff requests leave to submit it under seal or for the Court's in camera review rather than filing it on the public docket.

9. Plaintiff further requests that leave, if granted, remain effective as to any subsequent non-evidentiary hearing or status conference in this adversary proceeding, and notwithstanding any subsequent appearance by counsel for Defendant.

10. In the alternative, if the Court denies leave to appear remotely, Plaintiff requests an order authorizing him to bring a cellular telephone into the Courthouse pursuant to Local Rule 5073-1 and Local Rule 7.02 of the United States District Court for the Middle District of Florida. The Court's Notice of Hearing provides that a party may not bring a cellular telephone into the Courthouse unless "the presiding judge has entered a specific order authorizing you to bring your cell phone or computer into the Courthouse." The telephone is the line through which Plaintiff is reached regarding his spouse's medical needs. Plaintiff will keep the device silenced and will not use it in the courtroom except upon leave of Court.

11. This Motion is a scheduling request and is not among the matters governed by the negative notice procedures of Local Rule 7001-1(k)(4). Plaintiff files it well in advance of the two-business-day period contemplated by the Court's hearing procedures so that the Court and the parties may plan accordingly.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order (a) granting Plaintiff leave to attend the preliminary hearing on Defendant's Motion to Dismiss and the pretrial conference set for October 1, 2026 by remote means; (b) providing that such leave remains effective as to any subsequent non-evidentiary hearing or status conference in this adversary proceeding and notwithstanding any subsequent appearance by counsel for Defendant; or, in the alternative, (c) authorizing Plaintiff to bring a cellular telephone into the Courthouse for that proceeding; and (d) granting such other relief as is just.

## VERIFICATION

I declare under penalty of perjury under the laws of the United States of America that the factual statements in the foregoing Motion are true and correct.

Executed on August 5, 2026.

Respectfully submitted,

J Michael O'Hara

James Michael O'Hara, Plaintiff, Pro Se
19141 Sabal Street
Orlando, Florida 32833
Telephone: 407-608-2473
Email: pgadget@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion was served by U.S. Mail, postage prepaid, on August 5, 2026, upon Benjamin Tyler Poore-Barnes, 2611 River Landing Drive, Sanford, Florida 32771, and upon Jeffrey S. Badgley, Esq., Badgley Law Group, 801 N. Magnolia Avenue, Suite 304, Orlando, Florida 32803.

J. Michael O'Hara

James Michael O'Hara