FILED VIA MAIL

OCT 28 2026

CLERK, U.S. BANKRUPTCY
ORLANDO DIVISION

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:
Benjamin Tyler Poore-Barnes,
Debtor.
_______________________________________/

Case No. 6:26-bk-02440-LVV
Chapter 7

James Michael O'Hara,
Plaintiff,
v.
Benjamin Tyler Poore-Barnes,
Defendant.
_______________________________________/

Adv. Pro. No. 6:26-ap-00111-LVV

**PLAINTIFF'S NOTICE OF SUBPOENAS TO PRODUCE DOCUMENTS DIRECTED TO NON-PARTIES (Fed. R. Civ. P. 45(a)(4); Local Rule 9016-1)**

PLEASE TAKE NOTICE that Plaintiff, James Michael O'Hara, pro se, under Fed. R. Civ. P. 45(a)(4), made applicable by Fed. R. Bankr. P. 9016, and Local Rule 9016-1, files and gives notice of the following subpoenas to produce documents, which Plaintiff will serve on the non-parties listed below. A true copy of each subpoena, with its Schedule A, is attached.

1. SoFi Bank, N.A.
2. Middlesex Federal Savings, F.A.
3. Novo Platform Inc.
4. Choice Financial Group
5. Watson Civil Construction, Inc.
6. Santander Consumer USA Inc.
7. Seacoast National Bank
8. Finco Services, Inc., d/b/a Current

Each subpoena commands production of documents only. No deposition or inspection of premises is sought. Plaintiff will make the documents produced in response available to Defendant for copying on written request.

Dated: October 22, 2026

J Michael O'Hara

James Michael O'Hara, Plaintiff, pro se
19141 Sabal Street
Orlando, Florida 32833
407-608-2473 | pgadget@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on October 22, 2026, I mailed this Notice, with a true copy of each subpoena listed above, to the Clerk of Court, George C. Young Federal Courthouse, 400 West Washington Street, Suite 5100, Orlando, Florida 32801, for filing, and that on the same date, before serving any of the subpoenas, I served a true copy of this Notice and of each attached subpoena by United States mail, postage prepaid, on: Benjamin Tyler Poore-Barnes, 2611 River Landing Drive, Sanford, Florida 32771; and Jeffrey S. Badgley, Badgley Law Group, 801 N. Magnolia Ave., Suite 304, Orlando, Florida 32803.

J Michael O'Hara

James Michael O'Hara, Plaintiff, pro se
19141 Sabal Street
Orlando, Florida 32833
407-608-2473 | pgadget@gmail.com

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Middle District of Florida

In re Benjamin Tyler Poore-Barnes
Debtor

Case No. 6:26-bk-02440-LVV

*(Complete if issued in an adversary proceeding)*

Chapter 7

James Michael O'Hara
Plaintiff
v.
Benjamin Tyler Poore-Barnes
Defendant

Adv. Proc. No. 6:26-ap-00111-LVV

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: SoFi Bank, N.A., Attn: Custodian of Records
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| James Michael O'Hara, 19141 Sabal Street, Orlando, FL 32833, or by email to pgadget@gmail.com (Schedule A, Instruction 1) | On or before December 28, 2026, at 5:00 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 22, 2026

CLERK OF COURT

K. Lee Huey, Deputy Clerk
*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* James Michael O'Hara, Plaintiff, who issues or requests this subpoena, are:
James Michael O'Hara, Plaintiff, pro se, 19141 Sabal Street, Orlando, FL 32833; pgadget@gmail.com; 407-608-2473

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ______________________________
______________________________________________________________________
______________________________ on (*date*) __________________ ; or

☐ I returned the subpoena unexecuted because: ______________________________
______________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ____________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| In re:<br>Benjamin Tyler Poore-Barnes,<br>Debtor.<br>_______________________________/ | Case No. 6:26-bk-02440-LVV<br>Chapter 7 |
| James Michael O'Hara,<br>Plaintiff,<br>v.<br>Benjamin Tyler Poore-Barnes,<br>Defendant.<br>_______________________________/ | Adv. Pro. No. 6:26-ap-00111-LVV |

**SCHEDULE A TO SUBPOENA TO PRODUCE DOCUMENTS**

**Directed to:** SoFi Bank, N.A.

This subpoena seeks records of deposit accounts of the Debtor, the defendant in this adversary proceeding. It is issued under Fed. R. Civ. P. 45, made applicable by Fed. R. Bankr. P. 9016.

**DEFINITIONS**

1. "Debtor" means Benjamin Tyler Poore-Barnes, also known as Ben Poore, Tyler Barnes, Benjamin Barnes, Ben Barnes, and Benjamin Tyler Barnes, of 2611 River Landing Drive, Sanford, Florida 32771, Social Security number ending 8420.
2. "Business Entities" means (a) Progreen Outdoors Improvements LLC, a Florida limited liability company formed January 25, 2024; and (b) BeyondScapes LLC, formerly Terra Tek Services LLC and Lawn and Beyond Landscaping LLC, Florida Document No. L15000034315.
3. "Document" has the meaning given in Fed. R. Civ. P. 34(a)(1)(A) and includes electronically stored information.
4. "Relevant Period" means January 1, 2023 through the date of your production, unless a request states a different period.
5. "Accounts" means (a) the checking account ending 1245; (b) the savings account ending 4566; and (c) every other deposit account at SoFi Bank, N.A. in which the Debtor held an interest, held jointly with any other person, or had signing authority at any time during the Relevant Period.
6. "Insider Accounts" means every account, card, or payment-service profile (including Zelle, Venmo, Cash App, PayPal, and Apple Cash) in the name of Darya Barnes, also known as Daria Grigor; Dracaena LLC (Florida Document No. L19000092704); or either Business Entity.

## INSTRUCTIONS

1. Production by mail or electronic delivery. You may comply by mailing the documents to James Michael O'Hara, 19141 Sabal Street, Orlando, Florida 32833, or by emailing them in PDF or native electronic form to pgadget@gmail.com, on or before the date stated on the subpoena. No personal appearance is required. You may also produce the documents through a secure electronic production system of your choice.
2. Redaction. Redact every financial-account number and every Social Security or taxpayer-identification number to its last four digits. Do not otherwise redact; if you withhold anything as privileged, describe it as Fed. R. Civ. P. 45(e)(2)(A) requires.
3. Certification. Please complete and sign the attached Certification of Records Custodian (Fed. R. Evid. 902(11)) and return it with the documents, so that no custodian need appear to authenticate them.
4. No responsive documents. If you have no documents responsive to a request, please state so in writing.
5. Costs. If you will charge for producing the documents, please notify Plaintiff by email before production.
6. Objections. Any objection must be served in writing on Plaintiff before the earlier of the time specified for compliance or 14 days after service, as provided in Fed. R. Civ. P. 45(d)(2)(B), made applicable by Fed. R. Bankr. P. 9016.
7. Existing records only. These requests call for records and data as kept in the ordinary course of your business; no analysis or compilation beyond retrieval is required.

## DOCUMENTS TO BE PRODUCED

1. All account-opening documents for each Account, regardless of date, including applications, signature cards, account agreements, and documents identifying every owner, joint owner, and person with signing authority.
2. Documents showing the date each Account was opened and, if closed, the date it was closed, the manner of closing, and the person who requested the closing.
3. All periodic statements for each Account for the Relevant Period.
4. For the Relevant Period, documents identifying the originator or source of each deposit and credit to each Account, including ACH and direct-deposit originator names and images of deposited items.
5. For the Relevant Period, documents identifying the payee or receiving account (institution and last four digits) of (a) every electronic transfer, wire, ACH debit, and payment-service transaction (including Zelle, Venmo, Cash App, PayPal, and Apple Cash) from each Account, regardless of amount, including the counterparty name and any email address or telephone number associated with it; (b) every paid check drawn on each Account, regardless of amount, including an image of the front and back of each check; and (c) every other withdrawal or debit of $500 or more from each Account.
6. For the Relevant Period, regardless of amount, documents identifying every transfer, payment, deposit, or check between any Account and any Insider Account, including the date, the amount, and the institution and last four digits of the Insider Account.

7. Documents showing each mailing address, residential address, email address, and telephone number on file for the Debtor for each Account, regardless of date, and the date of each change.
8. Documents showing the balance and status (open, frozen, restricted, or closed) of each Account as of April 7, 2026.

**CERTIFICATION OF RECORDS CUSTODIAN**
(Fed. R. Evid. 803(6) and 902(11); 28 U.S.C. § 1746)

Recipient: SoFi Bank, N.A.

I, ______________________________ (name), declare:

1. I am employed by the recipient named above as ______________________________ (title). I am a custodian of records of the recipient, or I am otherwise qualified by my position to make this certification.
2. The documents produced with this certification, consisting of ______ pages or files, are true copies of records of the recipient.
3. The records were made at or near the time of the acts, events, or conditions they record, by, or from information transmitted by, a person with knowledge of those matters.
4. The records were kept in the course of the recipient's regularly conducted business activity.
5. It was the regular practice of that business activity to make the records.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ____________________, 20___, at ______________________________ (city, state).

______________________________
Signature

# UNITED STATES BANKRUPTCY COURT

Middle District of Florida

In re Benjamin Tyler Poore-Barnes
Debtor

Case No. 6:26-bk-02440-LVV

Chapter 7

*(Complete if issued in an adversary proceeding)*

James Michael O'Hara
Plaintiff
v.
Benjamin Tyler Poore-Barnes
Defendant

Adv. Proc. No. 6:26-ap-00111-LVV

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Middlesex Federal Savings, F.A., Attn: Deposit Operations
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| James Michael O'Hara, 19141 Sabal Street, Orlando, FL 32833, or by email to pgadget@gmail.com (Schedule A, Instruction 1) | On or before November 25, 2026, at 5:00 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 22, 2026

CLERK OF COURT

K. Lee Hue, Deputy Clerk
*Signature of Clerk or Deputy Clerk*

OR

______________________
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* James Michael O'Hara, Plaintiff , who issues or requests this subpoena, are:
James Michael O'Hara, Plaintiff, pro se, 19141 Sabal Street, Orlando, FL 32833; pgadget@gmail.com; 407-608-2473

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ______________________________
______________________________________________________________________________
______________________________ on *(date)* __________________ ; or

☐ I returned the subpoena unexecuted because: ______________________________
______________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:
Benjamin Tyler Poore-Barnes,
Debtor.
_______________________________________/

Case No. 6:26-bk-02440-LVV
Chapter 7

James Michael O'Hara,
Plaintiff,
v.
Benjamin Tyler Poore-Barnes,
Defendant.
_______________________________________/

Adv. Pro. No. 6:26-ap-00111-LVV

## SCHEDULE A TO SUBPOENA TO PRODUCE DOCUMENTS

**Directed to:** Middlesex Federal Savings, F.A.

This subpoena seeks records of deposit accounts of the Debtor and his Business Entities, including accounts accessed through the Novo business-banking platform operated by Novo Platform Inc. It is issued under Fed. R. Civ. P. 45, made applicable by Fed. R. Bankr. P. 9016.

**DEFINITIONS**

1. "Debtor" means Benjamin Tyler Poore-Barnes, also known as Ben Poore, Tyler Barnes, Benjamin Barnes, Ben Barnes, and Benjamin Tyler Barnes, of 2611 River Landing Drive, Sanford, Florida 32771, Social Security number ending 8420.
2. "Business Entities" means (a) Progreen Outdoors Improvements LLC, a Florida limited liability company formed January 25, 2024; and (b) BeyondScapes LLC, formerly Terra Tek Services LLC and Lawn and Beyond Landscaping LLC, Florida Document No. L15000034315.
3. "Document" has the meaning given in Fed. R. Civ. P. 34(a)(1)(A) and includes electronically stored information.
4. "Relevant Period" means January 1, 2023 through the date of your production, unless a request states a different period.
5. "Accounts" means (a) the checking account the Debtor listed on his bankruptcy schedules (Schedule A/B, line 17.3) as held at Middlesex Federal Savings with a balance of $1.36 as of April 7, 2026; and (b) every other deposit account at Middlesex Federal Savings, F.A., including any account opened through the Novo platform, held in the name of the Debtor or either Business Entity, or over which the Debtor had signing authority, at any time on or after January 1, 2023.
6. "Insider Accounts" means every account, card, or payment-service profile (including Zelle, Venmo, Cash App, PayPal, and Apple Cash) in the name of Darya Barnes, also known as Daria Grigor; Dracaena LLC (Florida Document No. L19000092704); or either Business Entity.

**INSTRUCTIONS**

1. Production by mail or electronic delivery. You may comply by mailing the documents to James Michael O'Hara, 19141 Sabal Street, Orlando, Florida 32833, or by emailing them in PDF or native electronic form to pgadget@gmail.com, on or before the date stated on the subpoena. No personal appearance is required. You may also produce the documents through a secure electronic production system of your choice.
2. Redaction. Redact every financial-account number and every Social Security or taxpayer-identification number to its last four digits. Do not otherwise redact; if you withhold anything as privileged, describe it as Fed. R. Civ. P. 45(e)(2)(A) requires.
3. Certification. Please complete and sign the attached Certification of Records Custodian (Fed. R. Evid. 902(11)) and return it with the documents, so that no custodian need appear to authenticate them.
4. No responsive documents. If you have no documents responsive to a request, please state so in writing.
5. Costs. If you will charge for producing the documents, please notify Plaintiff by email before production.
6. Objections. Any objection must be served in writing on Plaintiff before the earlier of the time specified for compliance or 14 days after service, as provided in Fed. R. Civ. P. 45(d)(2)(B), made applicable by Fed. R. Bankr. P. 9016.
7. Existing records only. These requests call for records and data as kept in the ordinary course of your business; no analysis or compilation beyond retrieval is required.

**DOCUMENTS TO BE PRODUCED**

1. All account-opening documents for each Account, regardless of date, including applications, signature cards, account agreements, and documents identifying every owner, joint owner, and person with signing authority.
2. Documents showing the date each Account was opened and, if closed, the date it was closed, the manner of closing, and the person who requested the closing.
3. All periodic statements for each Account for the Relevant Period.
4. For the Relevant Period, documents identifying the originator or source of each deposit and credit to each Account, including ACH and direct-deposit originator names and images of deposited items.
5. For the Relevant Period, documents identifying the payee or receiving account (institution and last four digits) of (a) every electronic transfer, wire, ACH debit, and payment-service transaction (including Zelle, Venmo, Cash App, PayPal, and Apple Cash) from each Account, regardless of amount, including the counterparty name and any email address or telephone number associated with it; (b) every paid check drawn on each Account, regardless of amount, including an image of the front and back of each check; and (c) every other withdrawal or debit of $500 or more from each Account.
6. Documents showing the balance and status (open, frozen, restricted, or closed) of each Account as of April 7, 2026.
7. For the Relevant Period, regardless of amount, documents identifying every transfer, payment, deposit, or check between any Account and any Insider Account, including the date, the amount, and the institution and last four digits of the Insider Account.

8. Documents showing each mailing address, residential address, email address, and telephone number on file for the Debtor for each Account, regardless of date, and the date of each change.

**CERTIFICATION OF RECORDS CUSTODIAN**
(Fed. R. Evid. 803(6) and 902(11); 28 U.S.C. § 1746)

Recipient: Middlesex Federal Savings, F.A.

I, ______________________________ (name), declare:

1. I am employed by the recipient named above as ______________________________ (title). I am a custodian of records of the recipient, or I am otherwise qualified by my position to make this certification.
2. The documents produced with this certification, consisting of ______ pages or files, are true copies of records of the recipient.
3. The records were made at or near the time of the acts, events, or conditions they record, by, or from information transmitted by, a person with knowledge of those matters.
4. The records were kept in the course of the recipient's regularly conducted business activity.
5. It was the regular practice of that business activity to make the records.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ____________________, 20___, at ______________________________ (city, state).

______________________________
Signature

# UNITED STATES BANKRUPTCY COURT

Middle District of Florida

In re Benjamin Tyler Poore-Barnes
Debtor

(*Complete if issued in an adversary proceeding*)

James Michael O'Hara
Plaintiff
v.
Benjamin Tyler Poore-Barnes
Defendant

Case No. 6:26-bk-02440-LVV

Chapter 7

Adv. Proc. No. 6:26-ap-00111-LVV

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Novo Platform Inc., Attn: Custodian of Records
(*Name of person to whom the subpoena is directed*)

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| James Michael O'Hara, 19141 Sabal Street, Orlando, FL 32833, or by email to pgadget@gmail.com (Schedule A, Instruction 1) | On or before November 25, 2026, at 5:00 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 22, 2026

CLERK OF COURT

K-Leethee, Deputy Clerk
*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing (*name of party*) James Michael O'Hara, Plaintiff , who issues or requests this subpoena, are:
James Michael O'Hara, Plaintiff, pro se, 19141 Sabal Street, Orlando, FL 32833; pgadget@gmail.com; 407-608-2473

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ______________________
______________________________________________________________________
______________________________ on *(date)* ________________ ; or

☐ I returned the subpoena unexecuted because: ______________________________________________
______________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ____________________ .

My fees are $ ________ for travel and $________ for services, for a total of $________ .

I declare under penalty of perjury that this information is true and correct.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:
Benjamin Tyler Poore-Barnes,
Debtor.
______________________________/

Case No. 6:26-bk-02440-LVV
Chapter 7

James Michael O'Hara,
Plaintiff,
v.
Benjamin Tyler Poore-Barnes,
Defendant.
______________________________/

Adv. Pro. No. 6:26-ap-00111-LVV

## SCHEDULE A TO SUBPOENA TO PRODUCE DOCUMENTS

**Directed to:** Novo Platform Inc.

This subpoena seeks platform and onboarding records of Novo Platform Inc. relating to the Debtor and his Business Entities. It does not seek periodic bank statements, which are requested from the sponsor bank. It is issued under Fed. R. Civ. P. 45, made applicable by Fed. R. Bankr. P. 9016.

## DEFINITIONS

1. "Debtor" means Benjamin Tyler Poore-Barnes, also known as Ben Poore, Tyler Barnes, Benjamin Barnes, Ben Barnes, and Benjamin Tyler Barnes, of 2611 River Landing Drive, Sanford, Florida 32771, Social Security number ending 8420.
2. "Business Entities" means (a) Progreen Outdoors Improvements LLC, a Florida limited liability company formed January 25, 2024; and (b) BeyondScapes LLC, formerly Terra Tek Services LLC and Lawn and Beyond Landscaping LLC, Florida Document No. L15000034315.
3. "Document" has the meaning given in Fed. R. Civ. P. 34(a)(1)(A) and includes electronically stored information.
4. "Relevant Period" means the period from the date the first Novo Account was opened through the date of your production, unless a request states a different period.
5. "Novo Account" means every account, profile, or product provided through the Novo platform, at any time, in the name of the Debtor or either Business Entity, or for which the Debtor was an owner, authorized user, or applicant.

**INSTRUCTIONS**

1. Production by mail or electronic delivery. You may comply by mailing the documents to James Michael O'Hara, 19141 Sabal Street, Orlando, Florida 32833, or by emailing them in PDF or native electronic form to pgadget@gmail.com, on or before the date stated on the subpoena. No personal appearance is required. You may also produce the documents through a secure electronic production system of your choice.
2. Redaction. Redact every financial-account number and every Social Security or taxpayer-identification number to its last four digits. Do not otherwise redact; if you withhold anything as privileged, describe it as Fed. R. Civ. P. 45(e)(2)(A) requires.
3. Certification. Please complete and sign the attached Certification of Records Custodian (Fed. R. Evid. 902(11)) and return it with the documents, so that no custodian need appear to authenticate them.
4. No responsive documents. If you have no documents responsive to a request, please state so in writing.
5. Costs. If you will charge for producing the documents, please notify Plaintiff by email before production.
6. Objections. Any objection must be served in writing on Plaintiff before the earlier of the time specified for compliance or 14 days after service, as provided in Fed. R. Civ. P. 45(d)(2)(B), made applicable by Fed. R. Bankr. P. 9016.
7. Existing records only. These requests call for records and data as kept in the ordinary course of your business; no analysis or compilation beyond retrieval is required.

**DOCUMENTS TO BE PRODUCED**

1. Documents identifying each Novo Account, the sponsor bank that held any deposit account associated with it, and the last four digits of each such deposit account.
2. Documents showing the date each Novo Account was opened and, if closed, the date it was closed, the reason, and whether the closing was requested by the customer or initiated by Novo or the sponsor bank.
3. All application and onboarding records for each Novo Account, regardless of date, including entity-formation documents, the employer identification number (last four digits only), stated ownership, stated business activity, and stated revenue or income.
4. For the Relevant Period, records of invoices issued and payments received through the Novo platform for each Novo Account.
5. Documents identifying every person with ownership of or authorized access to each Novo Account.
6. For the Relevant Period, the transaction history maintained by Novo for each Novo Account, including for each transfer or payment the counterparty name and the institution and last four digits of any external account, and documents identifying every external bank account, card, or payment service linked to each Novo Account.
7. Documents showing each mailing address, business address, email address, and telephone number on file for each Novo Account, regardless of date, and the date of each change.

# CERTIFICATION OF RECORDS CUSTODIAN

(Fed. R. Evid. 803(6) and 902(11); 28 U.S.C. § 1746)

Recipient: Novo Platform Inc.

I, ______________________________ (name), declare:

1. I am employed by the recipient named above as ______________________________ (title). I am a custodian of records of the recipient, or I am otherwise qualified by my position to make this certification.
2. The documents produced with this certification, consisting of ______ pages or files, are true copies of records of the recipient.
3. The records were made at or near the time of the acts, events, or conditions they record, by, or from information transmitted by, a person with knowledge of those matters.
4. The records were kept in the course of the recipient's regularly conducted business activity.
5. It was the regular practice of that business activity to make the records.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ____________________, 20___, at ______________________________ (city, state).

______________________________
Signature

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Middle District of Florida

In re Benjamin Tyler Poore-Barnes
Debtor

(*Complete if issued in an adversary proceeding*)

James Michael O'Hara
Plaintiff
v.
Benjamin Tyler Poore-Barnes
Defendant

Case No. 6:26-bk-02440-LVV

Chapter 7

Adv. Proc. No. 6:26-ap-00111-LVV

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Choice Financial Group, Attn: Custodian of Records
(*Name of person to whom the subpoena is directed*)

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| James Michael O'Hara, 19141 Sabal Street, Orlando, FL 32833, or by email to pgadget@gmail.com (Schedule A, Instruction 1) | On or before November 25, 2026, at 5:00 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 22, 2026

CLERK OF COURT

K. Leethee, Deputy Clerk
*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing (*name of party*) James Michael O'Hara, Plaintiff , who issues or requests this subpoena, are:
James Michael O'Hara, Plaintiff, pro se, 19141 Sabal Street, Orlando, FL 32833; pgadget@gmail.com; 407-608-2473

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ______________________________
______________________________________________________________________
______________________________ on *(date)* ________________ ; or

☐ I returned the subpoena unexecuted because: ______________________________
______________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ________________ .

My fees are $ ________ for travel and $________ for services, for a total of $________ .

I declare under penalty of perjury that this information is true and correct.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:
Benjamin Tyler Poore-Barnes,
Debtor.
_______________________________________/

Case No. 6:26-bk-02440-LVV
Chapter 7

James Michael O'Hara,
Plaintiff,
v.
Benjamin Tyler Poore-Barnes,
Defendant.
_______________________________________/

Adv. Pro. No. 6:26-ap-00111-LVV

**SCHEDULE A TO SUBPOENA TO PRODUCE DOCUMENTS**

**Directed to:** Choice Financial Group

This subpoena seeks records of deposit accounts of the Debtor provided through the Current financial-technology program. It is issued under Fed. R. Civ. P. 45, made applicable by Fed. R. Bankr. P. 9016. If any Account described below was held at a bank other than Choice Financial Group, please so state and identify that bank. If customer-level records for any Account (including application, onboarding, and transaction records) are maintained by Finco Services, Inc. d/b/a Current rather than by you, please so state and produce the records you hold.

**DEFINITIONS**

1. "Debtor" means Benjamin Tyler Poore-Barnes, also known as Ben Poore, Tyler Barnes, Benjamin Barnes, Ben Barnes, and Benjamin Tyler Barnes, of 2611 River Landing Drive, Sanford, Florida 32771, Social Security number ending 8420.
2. "Business Entities" means (a) Progreen Outdoors Improvements LLC, a Florida limited liability company formed January 25, 2024; and (b) BeyondScapes LLC, formerly Terra Tek Services LLC and Lawn and Beyond Landscaping LLC, Florida Document No. L15000034315.
3. "Document" has the meaning given in Fed. R. Civ. P. 34(a)(1)(A) and includes electronically stored information.
4. "Relevant Period" means January 1, 2023 through the date of your production, unless a request states a different period.
5. "Accounts" means (a) the Current checking account ending 9300; and (b) every other deposit account provided through the Current program in which the Debtor held an interest or had signing authority at any time during the Relevant Period.
6. "Insider Accounts" means every account, card, or payment-service profile (including Zelle, Venmo, Cash App, PayPal, and Apple Cash) in the name of Darya Barnes, also known as Daria Grigor; Dracaena LLC (Florida Document No. L19000092704); or either Business Entity.

## INSTRUCTIONS

1. Production by mail or electronic delivery. You may comply by mailing the documents to James Michael O'Hara, 19141 Sabal Street, Orlando, Florida 32833, or by emailing them in PDF or native electronic form to pgadget@gmail.com, on or before the date stated on the subpoena. No personal appearance is required. You may also produce the documents through a secure electronic production system of your choice.
2. Redaction. Redact every financial-account number and every Social Security or taxpayer-identification number to its last four digits. Do not otherwise redact; if you withhold anything as privileged, describe it as Fed. R. Civ. P. 45(e)(2)(A) requires.
3. Certification. Please complete and sign the attached Certification of Records Custodian (Fed. R. Evid. 902(11)) and return it with the documents, so that no custodian need appear to authenticate them.
4. No responsive documents. If you have no documents responsive to a request, please state so in writing.
5. Costs. If you will charge for producing the documents, please notify Plaintiff by email before production.
6. Objections. Any objection must be served in writing on Plaintiff before the earlier of the time specified for compliance or 14 days after service, as provided in Fed. R. Civ. P. 45(d)(2)(B), made applicable by Fed. R. Bankr. P. 9016.
7. Existing records only. These requests call for records and data as kept in the ordinary course of your business; no analysis or compilation beyond retrieval is required.

## DOCUMENTS TO BE PRODUCED

1. All account-opening documents for each Account, regardless of date, including applications, signature cards, account agreements, and documents identifying every owner, joint owner, and person with signing authority.
2. Documents showing the date each Account was opened and, if closed, the date it was closed, the manner of closing, and the person who requested the closing.
3. All periodic statements for each Account for the Relevant Period.
4. For the Relevant Period, documents identifying the originator or source of each deposit and credit to each Account, including ACH and direct-deposit originator names and images of deposited items.
5. For the Relevant Period, documents identifying the payee or receiving account (institution and last four digits) of (a) every electronic transfer, wire, ACH debit, and payment-service transaction (including Zelle, Venmo, Cash App, PayPal, and Apple Cash) from each Account, regardless of amount, including the counterparty name and any email address or telephone number associated with it; (b) every paid check drawn on each Account, regardless of amount, including an image of the front and back of each check; and (c) every other withdrawal or debit of $500 or more from each Account.
6. For the Relevant Period, regardless of amount, documents identifying every transfer, payment, deposit, or check between any Account and any Insider Account, including the date, the amount, and the institution and last four digits of the Insider Account.

7. Documents showing each mailing address, residential address, email address, and telephone number on file for the Debtor for each Account, regardless of date, and the date of each change.

8. Documents showing the balance and status (open, frozen, restricted, or closed) of each Account as of April 7, 2026.

## CERTIFICATION OF RECORDS CUSTODIAN

(Fed. R. Evid. 803(6) and 902(11); 28 U.S.C. § 1746)

Recipient: Choice Financial Group

I, ______________________________ (name), declare:

1. I am employed by the recipient named above as ______________________________ (title). I am a custodian of records of the recipient, or I am otherwise qualified by my position to make this certification.

2. The documents produced with this certification, consisting of ______ pages or files, are true copies of records of the recipient.

3. The records were made at or near the time of the acts, events, or conditions they record, by, or from information transmitted by, a person with knowledge of those matters.

4. The records were kept in the course of the recipient's regularly conducted business activity.

5. It was the regular practice of that business activity to make the records.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ____________________, 20___, at ______________________________ (city, state).

______________________________

Signature

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Middle District of Florida

In re Benjamin Tyler Poore-Barnes
Debtor

Case No. 6:26-bk-02440-LVV

*(Complete if issued in an adversary proceeding)*

Chapter 7

James Michael O'Hara
Plaintiff
v.
Benjamin Tyler Poore-Barnes
Defendant

Adv. Proc. No. 6:26-ap-00111-LVV

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Watson Civil Construction, Inc., Attn: Custodian of Records
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| James Michael O'Hara, 19141 Sabal Street, Orlando, FL 32833, or by email to pgadget@gmail.com (Schedule A, Instruction 1) | On or before November 25, 2026, at 5:00 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 22, 2026

CLERK OF COURT

OR

K. Leethee, Deputy Clerk
*Signature of Clerk or Deputy Clerk*

*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* James Michael O'Hara, Plaintiff , who issues or requests this subpoena, are:
James Michael O'Hara, Plaintiff, pro se, 19141 Sabal Street, Orlando, FL 32833; pgadget@gmail.com; 407-608-2473

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ______________________
_____________________________________________________________________________
______________________________ on (*date*) ________________ ; or

☐ I returned the subpoena unexecuted because: ______________________________________
_____________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ______________ .

My fees are $ ________ for travel and $________ for services, for a total of $________ .

I declare under penalty of perjury that this information is true and correct.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:
Benjamin Tyler Poore-Barnes,
Debtor.
______________________________/

Case No. 6:26-bk-02440-LVV
Chapter 7

James Michael O'Hara,
Plaintiff,
v.
Benjamin Tyler Poore-Barnes,
Defendant.
______________________________/

Adv. Pro. No. 6:26-ap-00111-LVV

## SCHEDULE A TO SUBPOENA TO PRODUCE DOCUMENTS

**Directed to:** Watson Civil Construction, Inc. (Florida Document No. P14000038801)

This subpoena seeks employment and payroll records of the Debtor, whom you employ. It does not seek records of any other employee. It is issued under Fed. R. Civ. P. 45, made applicable by Fed. R. Bankr. P. 9016.

### DEFINITIONS

1. "Debtor" means Benjamin Tyler Poore-Barnes, also known as Ben Poore, Tyler Barnes, Benjamin Barnes, Ben Barnes, and Benjamin Tyler Barnes, of 2611 River Landing Drive, Sanford, Florida 32771, Social Security number ending 8420.
2. "Business Entities" means (a) Progreen Outdoors Improvements LLC, a Florida limited liability company formed January 25, 2024; and (b) BeyondScapes LLC, formerly Terra Tek Services LLC and Lawn and Beyond Landscaping LLC, Florida Document No. L15000034315.
3. "Document" has the meaning given in Fed. R. Civ. P. 34(a)(1)(A) and includes electronically stored information.
4. "Relevant Period" means January 1, 2023 through the date of your production, unless a request states a different period.

### INSTRUCTIONS

1. Production by mail or electronic delivery. You may comply by mailing the documents to James Michael O'Hara, 19141 Sabal Street, Orlando, Florida 32833, or by emailing them in PDF or native electronic form to pgadget@gmail.com, on or before the date stated on the subpoena. No personal appearance is required. You may also produce the documents through a secure electronic production system of your choice.
2. Redaction. Redact every financial-account number and every Social Security or taxpayer-identification number to its last four digits. Do not otherwise redact; if you withhold anything as privileged, describe it as Fed. R. Civ. P. 45(e)(2)(A) requires.

3. Certification. Please complete and sign the attached Certification of Records Custodian (Fed. R. Evid. 902(11)) and return it with the documents, so that no custodian need appear to authenticate them.
4. No responsive documents. If you have no documents responsive to a request, please state so in writing.
5. Costs. If you will charge for producing the documents, please notify Plaintiff by email before production.
6. Objections. Any objection must be served in writing on Plaintiff before the earlier of the time specified for compliance or 14 days after service, as provided in Fed. R. Civ. P. 45(d)(2)(B), made applicable by Fed. R. Bankr. P. 9016.
7. Existing records only. These requests call for records and data as kept in the ordinary course of your business; no analysis or compilation beyond retrieval is required.

**DOCUMENTS TO BE PRODUCED**

1. Documents showing the Debtor's date of hire, the date of his first paycheck, his job title, job description, and duties, and his rate of pay, and every change to any of them, regardless of date. This request does not seek Form I-9 or the identity documents presented with it.
2. Payroll registers, earnings records, or pay stubs showing, for each pay period in the Relevant Period, the Debtor's gross pay, bonuses, deductions, and net pay.
3. Forms W-2 (and any Forms 1099) issued to the Debtor for tax years 2023, 2024, and 2025.
4. Direct-deposit authorizations and records showing, for the Relevant Period, each account (institution name and last four digits) into which the Debtor's pay was deposited, including any split or partial deposit to an account in another person's name, and the dates of any change.
5. For the Relevant Period, records of every expense reimbursement or other non-payroll payment made to the Debtor.
6. For the Relevant Period, records of every payment made by you to Darya Barnes, also known as Daria Grigor; Progreen Outdoors Improvements LLC; BeyondScapes LLC; or Dracaena LLC (Florida Document No. L19000092704), made for, on behalf of, at the direction of, or in connection with the employment, services, compensation, reimbursements, or business activities of the Debtor.
7. The Debtor's employment application, résumé, and any other document he submitted in seeking employment with you, including any statement of prior employment, business ownership, or outside employment or business activity, and any license or certification he listed or presented. This request does not seek consumer reports obtained from a consumer reporting agency, drug-test results, or medical information.
8. For the Relevant Period, every writ of garnishment, levy (including any Internal Revenue Service notice of levy on wages), or income-withholding order you received concerning the Debtor, any claim of exemption he submitted, and records of amounts withheld.

9. Documents showing the Debtor's participation in any retirement, 401(k), profit-sharing, or deferred-compensation plan you sponsor, his contributions and any loans, his balance as of April 7, 2026 if you hold it, and the name of the plan administrator.

**CERTIFICATION OF RECORDS CUSTODIAN**
(Fed. R. Evid. 803(6) and 902(11); 28 U.S.C. § 1746)

Recipient: Watson Civil Construction, Inc. (Florida Document No. P14000038801)

I, ______________________________ (name), declare:

1. I am employed by the recipient named above as ______________________________ (title). I am a custodian of records of the recipient, or I am otherwise qualified by my position to make this certification.
2. The documents produced with this certification, consisting of ______ pages or files, are true copies of records of the recipient.
3. The records were made at or near the time of the acts, events, or conditions they record, by, or from information transmitted by, a person with knowledge of those matters.
4. The records were kept in the course of the recipient's regularly conducted business activity.
5. It was the regular practice of that business activity to make the records.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ____________________, 20___, at ______________________________ (city, state).

______________________________
Signature

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Middle District of Florida

In re Benjamin Tyler Poore-Barnes
Debtor

Case No. 6:26-bk-02440-LVV

*(Complete if issued in an adversary proceeding)*

Chapter 7

James Michael O'Hara
Plaintiff
v.
Benjamin Tyler Poore-Barnes
Defendant

Adv. Proc. No. 6:26-ap-00111-LVV

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Santander Consumer USA Inc., Attn: Custodian of Records
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| James Michael O'Hara, 19141 Sabal Street, Orlando, FL 32833, or by email to pgadget@gmail.com (Schedule A, Instruction 1) | On or before November 25, 2026, at 5:00 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 22, 2026

CLERK OF COURT

K. LeeHue, Deputy Clerk
*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* James Michael O'Hara, Plaintiff, who issues or requests this subpoena, are:
James Michael O'Hara, Plaintiff, pro se, 19141 Sabal Street, Orlando, FL 32833; pgadget@gmail.com; 407-608-2473

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ______________________
________________________________________________________________________
______________________________ on (*date*) __________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________
________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________
*Server's signature*

________________________________
*Printed name and title*

________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| In re:<br>Benjamin Tyler Poore-Barnes,<br>Debtor.<br>_______________________________/ | Case No. 6:26-bk-02440-LVV<br>Chapter 7 |
| James Michael O'Hara,<br>Plaintiff,<br>v.<br>Benjamin Tyler Poore-Barnes,<br>Defendant.<br>_______________________________/ | Adv. Pro. No. 6:26-ap-00111-LVV |

## SCHEDULE A TO SUBPOENA TO PRODUCE DOCUMENTS

**Directed to:** Santander Consumer USA Inc.

This subpoena seeks records of motor-vehicle loans to the Debtor. It is issued under Fed. R. Civ. P. 45, made applicable by Fed. R. Bankr. P. 9016. If any Loan was owned or serviced by a different Santander entity, or under a brand name such as Chrysler Capital, please so state and identify that entity.

### DEFINITIONS

1. "Debtor" means Benjamin Tyler Poore-Barnes, also known as Ben Poore, Tyler Barnes, Benjamin Barnes, Ben Barnes, and Benjamin Tyler Barnes, of 2611 River Landing Drive, Sanford, Florida 32771, Social Security number ending 8420.
2. "Business Entities" means (a) Progreen Outdoors Improvements LLC, a Florida limited liability company formed January 25, 2024; and (b) BeyondScapes LLC, formerly Terra Tek Services LLC and Lawn and Beyond Landscaping LLC, Florida Document No. L15000034315.
3. "Document" has the meaning given in Fed. R. Civ. P. 34(a)(1)(A) and includes electronically stored information.
4. "Relevant Period" means January 1, 2017 through the date of your production, unless a request states a different period.
5. "Loans" means (a) the loan account ending 1000, opened in or about January 2022, listed by the Debtor on his bankruptcy schedules (Schedule E/F, line 4.19, Doc. 1) and described in his amended Schedule E/F (line 4.21, Doc. 14) as a deficiency on a repossessed 2017 Chevrolet Colorado; (b) every loan, retail installment contract, or lease to or guaranteed by the Debtor that was secured by a Ram pickup truck of any model year, regardless of origination date, including any under the Chrysler Capital name; and (c) every other motor-vehicle loan, retail installment contract, or lease made to, or guaranteed by, the Debtor or either Business Entity that was outstanding, or was paid off, transferred, surrendered, repossessed, charged off, or otherwise disposed of, on or after January 1, 2023. "Loan" means any one of them.

## INSTRUCTIONS

1. Production by mail or electronic delivery. You may comply by mailing the documents to James Michael O'Hara, 19141 Sabal Street, Orlando, Florida 32833, or by emailing them in PDF or native electronic form to pgadget@gmail.com, on or before the date stated on the subpoena. No personal appearance is required. You may also produce the documents through a secure electronic production system of your choice.
2. Redaction. Redact every financial-account number and every Social Security or taxpayer-identification number to its last four digits. Do not otherwise redact; if you withhold anything as privileged, describe it as Fed. R. Civ. P. 45(e)(2)(A) requires.
3. Certification. Please complete and sign the attached Certification of Records Custodian (Fed. R. Evid. 902(11)) and return it with the documents, so that no custodian need appear to authenticate them.
4. No responsive documents. If you have no documents responsive to a request, please state so in writing.
5. Costs. If you will charge for producing the documents, please notify Plaintiff by email before production.
6. Objections. Any objection must be served in writing on Plaintiff before the earlier of the time specified for compliance or 14 days after service, as provided in Fed. R. Civ. P. 45(d)(2)(B), made applicable by Fed. R. Bankr. P. 9016.
7. Existing records only. These requests call for records and data as kept in the ordinary course of your business; no analysis or compilation beyond retrieval is required.

## DOCUMENTS TO BE PRODUCED

1. For each Loan, the credit application and all documents submitted in support of it, including any statement of income, employer, occupation, or residence.
2. For each Loan, the retail installment contract, loan agreement, or lease, and documents identifying the vehicle (including VIN) and the lien.
3. The complete payment history for each Loan, including for each payment the date, amount, and source (institution name and last four digits of the paying account, or method of payment).
4. For each Loan, all repossession and voluntary-surrender records, including the date and location of recovery, condition reports, notices sent to the Debtor, the date and terms of any sale or other disposition, and any deficiency calculation; and documents showing any charge-off, settlement, or sale or assignment of the Loan or deficiency to another party (including the buyer's or assignee's name), and any IRS Form 1099-C issued.
5. For the Relevant Period, correspondence, call notes, and account notes for each Loan concerning the location or possession of the vehicle, payment defaults, any hardship, deferral, or extension request, or the Debtor's address, employer, or income.

**CERTIFICATION OF RECORDS CUSTODIAN**
(Fed. R. Evid. 803(6) and 902(11); 28 U.S.C. § 1746)

Recipient: Santander Consumer USA Inc.

I, ______________________________ (name), declare:

1. I am employed by the recipient named above as ______________________________ (title). I am a custodian of records of the recipient, or I am otherwise qualified by my position to make this certification.
2. The documents produced with this certification, consisting of ______ pages or files, are true copies of records of the recipient.
3. The records were made at or near the time of the acts, events, or conditions they record, by, or from information transmitted by, a person with knowledge of those matters.
4. The records were kept in the course of the recipient's regularly conducted business activity.
5. It was the regular practice of that business activity to make the records.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ____________________, 20___, at ______________________________ (city, state).

______________________________
Signature

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Middle District of Florida

In re Benjamin Tyler Poore-Barnes
Debtor

Case No. 6:26-bk-02440-LVV

(Complete if issued in an adversary proceeding)

Chapter 7

James Michael O'Hara
Plaintiff
v.
Benjamin Tyler Poore-Barnes
Defendant

Adv. Proc. No. 6:26-ap-00111-LVV

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Seacoast National Bank, Attn: Custodian of Records
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| James Michael O'Hara, 19141 Sabal Street, Orlando, FL 32833, or by email to pgadget@gmail.com (Schedule A, Instruction 1) | On or before November 25, 2026, at 5:00 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 22, 2026

CLERK OF COURT

K-Leethe, Deputy Clerk
*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* James Michael O'Hara, Plaintiff , who issues or requests this subpoena, are:
James Michael O'Hara, Plaintiff, pro se, 19141 Sabal Street, Orlando, FL 32833; pgadget@gmail.com; 407-608-2473

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ____________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________
____________________
____________________ on *(date)* __________ ; or

☐ I returned the subpoena unexecuted because: ____________________
____________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ __________ .

My fees are $ ________ for travel and $________ for services, for a total of $________ .

I declare under penalty of perjury that this information is true and correct.

Date: ______________

____________________
*Server's signature*

____________________
*Printed name and title*

____________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:
Benjamin Tyler Poore-Barnes,
Debtor.

Case No. 6:26-bk-02440-LVV
Chapter 7

_______________________________________/

James Michael O'Hara,
Plaintiff,
v.
Benjamin Tyler Poore-Barnes,
Defendant.

Adv. Pro. No. 6:26-ap-00111-LVV

_______________________________________/

**SCHEDULE A TO SUBPOENA TO PRODUCE DOCUMENTS**

**Directed to:** Seacoast National Bank

This subpoena seeks records of a business deposit account of the Debtor's company BeyondScapes LLC (whose legal name until August 10, 2018 was Lawn and Beyond Landscaping LLC), into which the Debtor directed payment under a February 2018 contract with Plaintiff. It is issued under Fed. R. Civ. P. 45, made applicable by Fed. R. Bankr. P. 9016.

**DEFINITIONS**

1. "Debtor" means Benjamin Tyler Poore-Barnes, also known as Ben Poore, Tyler Barnes, Benjamin Barnes, Ben Barnes, and Benjamin Tyler Barnes, of 2611 River Landing Drive, Sanford, Florida 32771, Social Security number ending 8420.
2. "Business Entities" means (a) Progreen Outdoors Improvements LLC, a Florida limited liability company formed January 25, 2024; and (b) BeyondScapes LLC, formerly Terra Tek Services LLC and Lawn and Beyond Landscaping LLC, Florida Document No. L15000034315.
3. "Document" has the meaning given in Fed. R. Civ. P. 34(a)(1)(A) and includes electronically stored information.
4. "Relevant Period" means January 1, 2018 through December 31, 2019, unless a request states a different period.
5. "Accounts" means (a) the account at Seacoast National Bank with routing number 067005158 and account number ending 6201, which the Debtor's February 2018 contract designates for "direct Wire Transfer" payments, with checks "payable to BeyondScapes"; and (b) every other deposit account at Seacoast National Bank held in the name of either Business Entity, or in which the Debtor held an interest, held jointly with any other person, or had signing authority, at any time during the Relevant Period.
6. "Insider Accounts" means every account, card, or payment-service profile, other than the Accounts, in the name of the Debtor personally; Daria Grigor, also known as Darya Barnes; Dracaena LLC (Florida Document No. L19000092704); or either Business Entity.

**INSTRUCTIONS**

1. Production by mail or electronic delivery. You may comply by mailing the documents to James Michael O'Hara, 19141 Sabal Street, Orlando, Florida 32833, or by emailing them in PDF or native electronic form to pgadget@gmail.com, on or before the date stated on the subpoena. No personal appearance is required. You may also produce the documents through a secure electronic production system of your choice.
2. Redaction. Redact every financial-account number and every Social Security or taxpayer-identification number to its last four digits. Do not otherwise redact; if you withhold anything as privileged, describe it as Fed. R. Civ. P. 45(e)(2)(A) requires.
3. Certification. Please complete and sign the attached Certification of Records Custodian (Fed. R. Evid. 902(11)) and return it with the documents, so that no custodian need appear to authenticate them.
4. No responsive documents. If you have no documents responsive to a request, please state so in writing. If any responsive records have been destroyed or are no longer retrievable under a records-retention schedule, please state the retention period that applied and the approximate date the records became unavailable.
5. Costs. If you will charge for producing the documents, please notify Plaintiff by email before production.
6. Objections. Any objection must be served in writing on Plaintiff before the earlier of the time specified for compliance or 14 days after service, as provided in Fed. R. Civ. P. 45(d)(2)(B), made applicable by Fed. R. Bankr. P. 9016.
7. Existing records only. These requests call for records and data as kept in the ordinary course of your business; no analysis or compilation beyond retrieval is required.

**DOCUMENTS TO BE PRODUCED**

1. All account-opening documents for each Account, regardless of date, including applications, signature cards, account agreements, and documents identifying every owner, joint owner, and person with signing authority.
2. Documents showing, regardless of date, the date each Account was opened and, if closed, the date it was closed, the manner of closing (including any closure by the bank for an overdrawn or negative balance), and the person who requested the closing.
3. All periodic statements for each Account for the Relevant Period.
4. For the Relevant Period, documents identifying the originator or source of each deposit and credit to each Account, including images (front and back) of deposited items, and in particular of checks numbered 227 ($30,000.00), 228 ($2,500.00), and 235 ($1,018.87) drawn by James Michael O'Hara and deposited in February and March 2018, and of every other check drawn by James Michael O'Hara or Naomi O'Hara and deposited to any Account in 2018.
5. For the Relevant Period, documents identifying the payee or receiving account (institution and last four digits) of (a) every electronic transfer, wire, ACH debit, and payment-service transaction from each Account, regardless of amount, including the counterparty or merchant name; (b) every paid check drawn on each Account, regardless of amount, including an image of the front and back of each check; and (c) every other withdrawal or debit of $500 or more from each Account.

6. For the Relevant Period, regardless of amount, documents identifying every transfer, payment, withdrawal, or check between any Account and any Insider Account, including the date, the amount, the payee, and the institution and last four digits of the other account.
7. Documents showing each mailing address, business address, email address, and telephone number on file for the Debtor or either Business Entity for each Account, regardless of date, and the date of each change.
8. Documents identifying every loan, line of credit, or credit card account that you extended to, or that was applied for by, either Business Entity or the Debtor at any time from January 1, 2017 through December 31, 2019, and for each, the application and any financial statement, tax return, or statement of income, assets, or liabilities submitted with it.

## CERTIFICATION OF RECORDS CUSTODIAN

(Fed. R. Evid. 803(6) and 902(11); 28 U.S.C. § 1746)

Recipient: Seacoast National Bank

I, ______________________________ (name), declare:

1. I am employed by the recipient named above as ______________________________ (title). I am a custodian of records of the recipient, or I am otherwise qualified by my position to make this certification.
2. The documents produced with this certification, consisting of ______ pages or files, are true copies of records of the recipient.
3. The records were made at or near the time of the acts, events, or conditions they record, by, or from information transmitted by, a person with knowledge of those matters.
4. The records were kept in the course of the recipient's regularly conducted business activity.
5. It was the regular practice of that business activity to make the records.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ____________________, 20___, at ______________________________ (city, state).

______________________________

Signature

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Middle District of Florida

In re Benjamin Tyler Poore-Barnes
Debtor

Case No. 6:26-bk-02440-LVV

*(Complete if issued in an adversary proceeding)*

Chapter 7

James Michael O'Hara
Plaintiff
v.
Benjamin Tyler Poore-Barnes
Defendant

Adv. Proc. No. 6:26-ap-00111-LVV

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Finco Services, Inc. d/b/a Current, Attn: Custodian of Records
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| James Michael O'Hara, 19141 Sabal Street, Orlando, FL 32833, or by email to pgadget@gmail.com (Schedule A, Instruction 1) | On or before November 25, 2026, at 5:00 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 22, 2026

CLERK OF COURT

K-Leethe, Deputy Clerk
*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* James Michael O'Hara, Plaintiff , who issues or requests this subpoena, are:
James Michael O'Hara, Plaintiff, pro se, 19141 Sabal Street, Orlando, FL 32833; pgadget@gmail.com; 407-608-2473

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ______________________
______________________________________________________________________
______________________________ on *(date)* __________________ ; or

☐ I returned the subpoena unexecuted because: ________________________________________
______________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ____________________ .

My fees are $ ________ for travel and $________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:
Benjamin Tyler Poore-Barnes,
Debtor.
_______________________________________/

Case No. 6:26-bk-02440-LVV
Chapter 7

James Michael O'Hara,
Plaintiff,
v.
Benjamin Tyler Poore-Barnes,
Defendant.
_______________________________________/

Adv. Pro. No. 6:26-ap-00111-LVV

## SCHEDULE A TO SUBPOENA TO PRODUCE DOCUMENTS

**Directed to: Finco Services, Inc. d/b/a Current**

This subpoena seeks platform and onboarding records of Finco Services, Inc. d/b/a Current relating to the Debtor. It does not seek periodic bank statements, which are requested from the partner bank, Choice Financial Group. It is issued under Fed. R. Civ. P. 45, made applicable by Fed. R. Bankr. P. 9016.

**DEFINITIONS**

1. "Debtor" means Benjamin Tyler Poore-Barnes, also known as Ben Poore, Tyler Barnes, Benjamin Barnes, Ben Barnes, and Benjamin Tyler Barnes, of 2611 River Landing Drive, Sanford, Florida 32771, Social Security number ending 8420.
2. "Business Entities" means (a) Progreen Outdoors Improvements LLC, a Florida limited liability company formed January 25, 2024; and (b) BeyondScapes LLC, formerly Terra Tek Services LLC and Lawn and Beyond Landscaping LLC, Florida Document No. L15000034315.
3. "Document" has the meaning given in Fed. R. Civ. P. 34(a)(1)(A) and includes electronically stored information.
4. "Relevant Period" means January 1, 2023 through the date of your production, unless a request states a different period.
5. "Current Account" means every account, card, credit line, profile, or product provided through the Current platform in the name of the Debtor, or for which the Debtor was an owner, authorized user, or applicant, at any time on or after January 1, 2023, including the checking account ending 9300 and the secured credit line opened in or about November 2023.
6. "Insider Accounts" means every account, card, or payment-service profile (including Zelle, Venmo, Cash App, PayPal, and Apple Cash) in the name of Darya Barnes, also known as Daria Grigor; Dracaena LLC (Florida Document No. L19000092704); or either Business Entity.

**INSTRUCTIONS**

1. Production by mail or electronic delivery. You may comply by mailing the documents to James Michael O'Hara, 19141 Sabal Street, Orlando, Florida 32833, or by emailing them in PDF or native electronic form to pgadget@gmail.com, on or before the date stated on the subpoena. No personal appearance is required. You may also produce the documents through a secure electronic production system of your choice.
2. Redaction. Redact every financial-account number and every Social Security or taxpayer-identification number to its last four digits. Do not otherwise redact; if you withhold anything as privileged, describe it as Fed. R. Civ. P. 45(e)(2)(A) requires.
3. Certification. Please complete and sign the attached Certification of Records Custodian (Fed. R. Evid. 902(11)) and return it with the documents, so that no custodian need appear to authenticate them.
4. No responsive documents. If you have no documents responsive to a request, please state so in writing.
5. Costs. If you will charge for producing the documents, please notify Plaintiff by email before production.
6. Objections. Any objection must be served in writing on Plaintiff before the earlier of the time specified for compliance or 14 days after service, as provided in Fed. R. Civ. P. 45(d)(2)(B), made applicable by Fed. R. Bankr. P. 9016.
7. Existing records only. These requests call for records and data as kept in the ordinary course of your business; no analysis or compilation beyond retrieval is required.

**DOCUMENTS TO BE PRODUCED**

1. Documents identifying each Current Account, the partner bank (Choice Financial Group or Cross River Bank) that held any deposit or credit account associated with it, and the last four digits of each such account.
2. Documents showing the date each Current Account was opened and, if closed, the date it was closed, the reason, and whether the closing was requested by the customer or initiated by Current or the partner bank.
3. All application and onboarding records for each Current Account, regardless of date, including the stated employer, occupation, income, and residential address, and every later change to any of them.
4. For the Relevant Period, the transaction history maintained by Current for each Current Account, including for each deposit the originator or source and an image (front and back) of each check deposited, and for each transfer, payment, or withdrawal the payee or counterparty name and the institution and last four digits of any external account.
5. For the Relevant Period, regardless of amount, documents identifying every transfer, payment, or deposit between any Current Account and any Insider Account, including the date, the amount, and the institution and last four digits of the Insider Account.
6. Documents identifying every external bank account, debit card, or payment service linked to any Current Account (institution and last four digits), and every person with ownership of or authorized access to each Current Account.

7. Documents showing the balance and status of each Current Account as of April 7, 2026, and each mailing address, residential address, email address, and telephone number on file for the Debtor, regardless of date, with the date of each change.

**CERTIFICATION OF RECORDS CUSTODIAN**
(Fed. R. Evid. 803(6) and 902(11); 28 U.S.C. § 1746)

Recipient: Finco Services, Inc. d/b/a Current

I, ______________________________ (name), declare:

1. I am employed by the recipient named above as ______________________________ (title). I am a custodian of records of the recipient, or I am otherwise qualified by my position to make this certification.
2. The documents produced with this certification, consisting of ______ pages or files, are true copies of records of the recipient.
3. The records were made at or near the time of the acts, events, or conditions they record, by, or from information transmitted by, a person with knowledge of those matters.
4. The records were kept in the course of the recipient's regularly conducted business activity.
5. It was the regular practice of that business activity to make the records.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ____________________, 20___, at ______________________________ (city, state).

______________________________
Signature