**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

In re:

BENJAMIN TYLER POORE-BARNES,

Debtor.
_____________________________________/

Case No. 6:26-bk-02440-LVV
Chapter 7

JAMES MICHAEL O'HARA,

Plaintiff,

v.

BENJAMIN TYLER POORE-BARNES,

Defendant.
_____________________________________/

Adv. Pro. No. 6:26-ap-00111-LVV

## ANSWER AND AFFIRMATIVE DEFENSES TO ADVERSARY COMPLAINT

Defendant, BENJAMIN TYLER POORE-BARNES ("Defendant" or "Debtor"), by and through undersigned counsel, files this Answer and Affirmative Defenses to the *Adversary Complaint* (Doc. 1, "Complaint") filed on June 15, 2026, by Plaintiff, JAMES MICHAEL O'HARA ("Plaintiff"), and answers and asserts affirmative defenses as follows:

The unnumbered Preliminary Statement contains no numbered allegations requiring a response. To the extent a response is required, denied.

1. Admitted that a Final Consent Judgment was entered against Defendant and BeyondScapes, LLC for $25,000.00. Otherwise, without knowledge and therefore denied.

2. Admitted that Defendant is the Debtor in the above-captioned Chapter 7 case and that his petition lists the stated address. Admitted that Defendant has used variations of his name. Otherwise denied.

3. Admitted that this Court has jurisdiction over this adversary proceeding and that this is a core proceeding. Defendant consents to the entry of final orders or judgment by the Bankruptcy Court. Otherwise denied.

4. Admitted for venue purposes; otherwise denied.

5. Admitted.

5a. Admitted.

5b. The allegations concerning 11 U.S.C. § 727(c)(1) state legal conclusions to which no response is required. Admitted that Ms. Alvarado filed a letter in the bankruptcy case that was docketed as an objection to discharge, that a hearing was set, and that the Court overruled her objection on July 6, 2026. Otherwise denied.

6. Without knowledge as to what Plaintiff and his wife believed Defendant's name to be and therefore denied. The documents referenced in paragraph 6 speak for themselves; otherwise denied.

6a. Admitted that Defendant has used the email addresses shown in the exhibits attached to the Complaint. Defendant is without knowledge of the contents of Exhibit 10, which was not served with the Complaint, and therefore denies the allegations based on it. Defendant denies Plaintiff's characterization of his use of email addresses. Otherwise denied.

7. Admitted that the documents referenced in paragraph 7 bear the names and addresses shown on their face. Denied that Defendant used any name to evade service or conceal his identity. Otherwise denied.

8. Admitted that Question 2 of the Voluntary Petition was left blank. Denied that the omission was knowing, intentional, or made to conceal Defendant's identity. Otherwise denied.

9. Denied.

9a. Denied.

10. Denied.

11. Admitted that Defendant sent the July 2, 2018 email and that Exhibit 3 contains the quoted language. Denied that the email confirms that Defendant made any representation to Plaintiff regarding military service, law enforcement service, or education. Defendant denies Plaintiff's characterization of the email. Otherwise denied.

12. Defendant is without knowledge of the contents of Exhibit 10, which was not served with the Complaint, and therefore denies the allegations of paragraph 12. Otherwise denied.

13. Admitted that Ms. Alvarado filed a letter in the bankruptcy case and that the Court set a hearing. Defendant denies the allegations concerning his statements to Ms. Alvarado. Otherwise denied.

14. Admitted that Defendant sent the July 2, 2018 email. Exhibit 3 speaks for itself. Defendant denies the alleged fraudulent scheme. Otherwise denied.

14a. Admitted that Defendant obtained an Aquascape certification. Defendant denies falsely representing his qualifications. Otherwise denied.

15. Admitted that Plaintiff contracted with BeyondScapes, LLC, that the contract was later amended by the July 2, 2019 Change Order, and that a Final Consent Judgment was entered against Defendant and BeyondScapes, LLC. Admitted that BeyondScapes, LLC issued an amended quote in November 2018; Defendant denies Plaintiff's characterization of it. Otherwise denied.

16. Admitted that Plaintiff made advance payments and that the July 2, 2019 Change Order acknowledges receipt of $36,718.87 by BeyondScapes, LLC. Defendant denies that

Plaintiff's payments were induced by promises Defendant never intended to honor. Otherwise denied.

16a. Admitted that BeyondScapes, LLC transmitted Quote No. 6082473 to Plaintiff on or about February 18, 2018, and that Exhibit 34 contains the terms quoted. Defendant denies Plaintiff's characterization of those terms and denies the allegations concerning the Zweber matter. Otherwise denied.

17. Admitted that the project was not completed. Defendant denies Plaintiff's characterization of the work performed and the reasons the project was not completed. Otherwise denied.

18. Admitted that Exhibit 4 contains the quoted language from emails sent on May 15, 2018. The payments itemized in Exhibit 3 were made in February and March 2018. Defendant denies that the emails were false or induced those payments. Otherwise denied.

19. The allegations concerning the requirements of Chapter 489, Florida Statutes, state legal conclusions to which no response is required; to the extent a response is required, denied. Admitted that Defendant did not hold a contractor's license issued under Chapter 489, Florida Statutes. Defendant is without knowledge of the contents of Exhibit 10, which was not served with the Complaint, and therefore denies the allegations based on it. Otherwise denied.

20. Admitted only that a permit was issued for fence work at Plaintiff's property identifying a licensed contractor of record. Exhibit 15 was not served with the Complaint; Defendant is without knowledge of the inspection history or status of the permit and therefore denies those allegations. Otherwise denied.

21. Admitted only that Defendant has been the subject of proceedings before the Florida Department of Business and Professional Regulation. Exhibit 14 was not served with the Complaint; Defendant denies Plaintiff's characterization of those proceedings. Otherwise denied.

22. Admitted that Defendant entered a plea of nolo contendere and adjudication was withheld. Defendant denies Plaintiff's characterization of the disposition; otherwise denied.

23. Admitted that the project was not completed. The July 2, 2019 Change Order, attached as Exhibit 27, speaks for itself. Defendant denies Plaintiff's characterization of the work performed; otherwise denied.

24. Exhibit 5 speaks for itself; otherwise denied.

25. Admitted that Plaintiff filed the State Court Action and that a Final Consent Judgment was entered against Defendant. The state court record and Exhibit 6 speak for themselves; otherwise denied.

26. Exhibit 7 speaks for itself. Admitted that Defendant testified at the § 341 meeting. Defendant denies Plaintiff's characterization of his testimony. Otherwise denied.

27. Defendant denies that his testimony was inconsistent. Otherwise denied.

28. Admitted that Defendant made no payments under the Settlement Agreement and that Exhibit 8 contains the quoted language from emails sent on April 8, 2024. Defendant denies Plaintiff's characterization of those emails. Otherwise denied.

29. Exhibit 9 referenced in this paragraph speaks for itself; otherwise denied.

30. Exhibit 9 referenced in this paragraph speaks for itself; otherwise denied.

31. Denied.

32. Admitted that Progreen Outdoors Improvements LLC was formed on January 25, 2024. The Sunbiz records speak for themselves. Otherwise denied.

33. Denied.

34. Exhibit 26 speaks for itself. Defendant denies that his Tennessee statements were part of a deliberate strategy to avoid Plaintiff's judgment. Otherwise denied.

35. Admitted that the Circuit Court entered the Order to Show Cause attached as Exhibit 16 and set a hearing for April 8, 2026. Defendant denies Plaintiff's characterization of the Order. Otherwise denied.

36. Admitted that Defendant filed his Chapter 7 petition on April 7, 2026, and that the State Court entered an order on April 8, 2026. Denied that the petition was filed for any improper purpose. Otherwise denied.

37. Admitted that Defendant is employed by Watson Civil Construction. The bankruptcy schedules and Form 1.977 speak for themselves. Defendant denies Plaintiff's characterization of those documents. Otherwise denied.

38. The Form 1.977 and Defendant's bankruptcy schedules speak for themselves. Defendant denies that the documents are irreconcilable. Otherwise denied.

39. Admitted that Defendant testified at the § 341 meeting. Defendant denies Plaintiff's characterization of his testimony. The Sunbiz and state court records speak for themselves. Otherwise denied.

39a. Admitted that Defendant is employed by Watson Civil Construction and testified at the continued § 341 meeting. Defendant denies Plaintiff's characterization of his testimony and denies concealing income. Otherwise denied.

39a-1. Defendant's bankruptcy schedules and Statement of Financial Affairs speak for themselves. Defendant denies concealing income. Otherwise denied.

39a-2. Without knowledge and therefore denied.

39b. Admitted that Defendant testified at the § 341 meeting. Defendant denies Plaintiff's characterization of his testimony and denies that he knowingly made a false oath. Otherwise denied.

39c. The Amended Statement of Financial Affairs and the other documents referenced in this paragraph speak for themselves. Defendant denies making false oaths or concealing information. Otherwise denied.

39d. The Statements of Financial Affairs speak for themselves. Defendant denies that he knowingly made false disclosures or concealed income. Otherwise denied.

39e. Admitted that Defendant testified at the continued § 341 meeting. Defendant denies Plaintiff's characterization of his testimony. Otherwise denied.

40. Defendant's Schedule I and the property records speak for themselves. Admitted that Defendant testified at the § 341 meeting. Defendant denies Plaintiff's characterization of those records and his testimony. Otherwise denied.

41. The public records referenced in this paragraph speak for themselves. Otherwise denied.

42. The Settlement Agreement and foreclosure docket speak for themselves. Otherwise denied.

43. Admitted that Defendant received a Chapter 7 discharge in Case No. 6:14-bk-03718-KSJ. Defendant denies Plaintiff's characterization of the filings in that case. Otherwise denied.

44. Defendant denies Plaintiff's characterization of his prior business activities and of the records in his prior bankruptcy case. Otherwise denied.

45. Exhibit 17 speaks for itself. Defendant denies Plaintiff's characterization of the emails. Otherwise denied.

46. The Suggestion of Bankruptcy and public records speak for themselves. Defendant denies Plaintiff's characterization of those documents. Otherwise denied.

47. Defendant's original and amended bankruptcy schedules speak for themselves. Defendant denies that the original disclosures were intentionally inaccurate. Otherwise denied.

47a. The bankruptcy filings and docket speak for themselves. Defendant denies that his original disclosures were intentionally inaccurate or that he concealed income. Otherwise denied.

48. The Amended Statement of Financial Affairs and the court records referenced in this paragraph speak for themselves. Otherwise denied.

49. Denied.

49a. The Zweber complaint and Exhibit 4 speak for themselves. Defendant denies the allegations in the Zweber complaint and Plaintiff's characterization of those allegations. Otherwise denied.

49b. Defendant denies Plaintiff's characterization of the review and denies engaging in the alleged fraudulent scheme. Otherwise denied.

49c. Defendant denies engaging in the alleged fraudulent scheme. Otherwise denied.

50. The DBPR records speak for themselves. Otherwise denied.

51. The corporate records and Amended Statement of Financial Affairs speak for themselves. Defendant denies that the entity's name changes were intended to obscure its identity. Otherwise denied.

52. The corporate and court records speak for themselves. Defendant denies that Dracaena LLC was formed to avoid Plaintiff's claims. Otherwise denied.

53. Defendant denies Plaintiff's characterization of the reviews. Otherwise denied.

**COUNT I**
**FALSE PRETENSES, FALSE REPRESENTATIONS,**
**OR ACTUAL FRAUD UNDER 11 U.S.C. § 523(a)(2)(A)**

54. Defendant realleges and incorporates by reference his responses to Paragraphs 1 through 53 above as though fully set forth herein.

55. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

WHEREFORE, Defendant prays that the Court will deny all relief sought in the Complaint, award Defendant his fees and costs for having to defend this action, and for such relief that the Court deems just and proper.

**COUNT II**
**NONDISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(4)**
**(Fraud or Defalcation in a Fiduciary Capacity; Embezzlement; Larceny)**

62. Defendant realleges and incorporates by reference his responses to Paragraphs 1 through 53 above as though fully set forth herein.

63. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

64. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

65. Admitted that BeyondScapes, LLC received payments from Plaintiff under the Contract. Otherwise denied.

66. Admitted that the Change Order recites a $1,338.91 overpayment. Otherwise denied.

67. Denied.

68. Denied.

69. Denied.

WHEREFORE, Defendant prays that the Court will deny all relief sought in the Complaint, award Defendant his fees and costs for having to defend this action, and for such relief that the Court deems just and proper.

**COUNT III**
**WILLFUL AND MALICIOUS ACTS WHICH CAUSED INJURY**
**UNDER 11 U.S.C. §523(a)(6)**

70. Defendant realleges and incorporates by reference his responses to Paragraphs 1 through 53 above as though fully set forth herein.

71. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

72. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

WHEREFORE, Defendant prays that the Court will deny all relief sought in the Complaint, award Defendant his fees and costs for having to defend this action, and for such relief that the Court deems just and proper.

**COUNT IV**
**OBJECTION TO DISCHARGE UNDER 11 U.S.C. § 727(a)(4)(A)**

77. Defendant realleges and incorporates by reference his responses to Paragraphs 1 through 53 above as though fully set forth herein.

78. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

79. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

80. Admitted that (c) the Statements of Financial Affairs filed April 7 and May 26, 2026 did not report Defendant's 2025 and 2026 income, which was reported in the Amended Statement of Financial Affairs filed June 26, 2026; (d) the original Schedule E/F listed certain creditors at $0.00, which was amended May 28, 2026; and (e) Question 2 of the Voluntary Petition was left blank. Denied that any statement was knowingly or fraudulently false. Otherwise denied.

81. Denied.

82. Denied.

83. Denied.

WHEREFORE, Defendant prays that the Court will deny all relief sought in the Complaint, award Defendant his fees and costs for having to defend this action, and for such relief that the Court deems just and proper.

**COUNT V**
**OBJECTION TO DISCHARGE UNDER 11 U.S.C. § 727(a)(5)**

84. Defendant realleges and incorporates by reference his responses to Paragraphs 1 through 53 above as though fully set forth herein.

85. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

86. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

87. Admitted that Defendant earned wages from Watson Civil Construction that were deposited into his SoFi account. Defendant's bankruptcy schedules speak for themselves. Defendant denies Plaintiff's characterization of his § 341 testimony. Otherwise denied.

88. The bankruptcy schedules and Statements of Financial Affairs speak for themselves. Admitted that Defendant filed a further Amended Statement of Financial Affairs on June 26, 2026, disclosing his 2025 and 2026 income. Defendant denies Plaintiff's characterization of his § 341 testimony. Otherwise denied.

89. Admitted that Defendant testified at the § 341 meeting. Defendant denies Plaintiff's characterization of his testimony. Otherwise denied.

90. Denied.

WHEREFORE, Defendant prays that the Court will deny all relief sought in the Complaint, award Defendant his fees and costs for having to defend this action, and for such relief that the Court deems just and proper.

**COUNT VI**
**OBJECTION TO DISCHARGE UNDER 11 U.S.C. § 727(a)(2)**

91. Defendant realleges and incorporates by reference his responses to Paragraphs 1 through 53 above as though fully set forth herein.

92. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

93. Denied.

94. Denied.

95. Denied.

WHEREFORE, Defendant prays that the Court will deny all relief sought in the Complaint, award Defendant his fees and costs for having to defend this action, and for such relief that the Court deems just and proper.

**COUNT VII**
**OBJECTION TO DISCHARGE UNDER 11 U.S.C. § 727(a)(3)**

96. Defendant realleges and incorporates by reference his responses to Paragraphs 1 through 53 above as though fully set forth herein.

97. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

98. Denied.

99. The allegations concerning the cited authority state legal conclusions to which no response is required. Defendant denies that he failed to maintain adequate records and denies that grounds exist to deny his discharge. Otherwise denied.

WHEREFORE, Defendant prays that the Court will deny all relief sought in the Complaint, award Defendant his fees and costs for having to defend this action, and for such relief that the Court deems just and proper.

**GENERAL DENIAL**

Defendant denies each and every allegation, count, and prayer for relief in the Complaint, to the extent not specifically and expressly admitted above.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense: Failure to State a Claim

The Complaint, and each Count of it, fails to state a claim upon which relief can be granted. Defendant preserves this defense under Fed. R. Civ. P. 12(h)(2), made applicable by Fed. R. Bankr. P. 7012.

### Second Affirmative Defense: Debt Fixed by Settlement Agreement and Final Consent Judgment

Plaintiff's claims in the State Court Action were resolved by the Settlement Agreement and Final Consent Judgment. Defendant disputes Plaintiff's attempt to recover the same loss more than once by adding the underlying contract payments and alleged overpayment to the judgment amount. Any recovery remains subject to the Settlement Agreement, Final Consent Judgment, applicable credits, and any additional amounts authorized by law.

### Third Affirmative Defense: No Justifiable Reliance — Written Contract

Plaintiff signed a written Contract with BeyondScapes, LLC that required a non-refundable deposit and contained an Entire Agreement clause providing that the Contract "does not specify the completion date" and supersedes all prior oral or written agreements. Defendant disputes that Plaintiff justifiably relied on any alleged oral completion or delivery schedule and denies that any such alleged promise induced Plaintiff's payments.

### Fourth Affirmative Defense: No Causation — Timing of Payments

The payments Plaintiff itemizes in Exhibit 3 were received on February 18, February 22, and March 22, 2018. Statements made after those dates, including the May 15, 2018 emails concerning licensing (Exhibit 4) and the July 2, 2018 email (Exhibit 3), could not have induced those payments.

### Fifth Affirmative Defense: Lack of Fraudulent Intent

BeyondScapes, LLC began work on the project, delivered materials to the property, and, in 2019, negotiated and executed a Change Order. Defendant denies that he intended not to perform when any alleged representation was made. The project's failure to reach completion does not, by itself, establish fraudulent intent.

**Sixth Affirmative Defense: No Embezzlement**

Plaintiff's payments were made to BeyondScapes, LLC under a construction Contract providing that deposits were non-refundable. The Contract did not require BeyondScapes, LLC or Defendant to hold the payments in trust for Plaintiff. The Change Order treated the alleged overpayment as a contractual credit repayable on stated conditions. Plaintiff retained no ownership interest in the payments after they were made to BeyondScapes, LLC, and Defendant did not fraudulently appropriate property belonging to Plaintiff.

**Seventh Affirmative Defense: No Fiduciary Relationship**

No express or technical trust existed between Plaintiff and Defendant before the alleged wrongdoing, and Defendant did not hold Plaintiff's funds in a fiduciary capacity. The relationship was that of a homeowner and a contracting company. Plaintiff's alleged constructive trust does not satisfy the fiduciary-capacity requirement of 11 U.S.C. § 523(a)(4). See *Spring Valley Produce, Inc. v. Forrest (In re Forrest)*, 47 F.4th 1229 (11th Cir. 2022).

**Eighth Affirmative Defense: No Personal Appropriation of Funds**

Plaintiff's payments were made to BeyondScapes, LLC. Defendant denies that he personally and fraudulently appropriated Plaintiff's funds. Defendant further disputes that Plaintiff has alleged facts sufficient to establish embezzlement or larceny by Defendant individually.

**Ninth Affirmative Defense: No Willful and Malicious Injury**

Defendant denies that he intended to injure Plaintiff or acted with knowledge that injury was substantially certain to result. Defendant disputes that the unfinished project or nonpayment of the settlement constitutes willful and malicious injury under 11 U.S.C. § 523(a)(6). The post-judgment conduct alleged in paragraphs 74 and 75 did not cause the injury underlying Plaintiff's debt.

**Tenth Affirmative Defense: Plaintiff Prevented Performance**

By letter dated October 10, 2019, Plaintiff's counsel declared a breach and barred BeyondScapes, LLC and its agents and suppliers from the property. Defendant was thereby prevented from further performance after that date.

**Eleventh Affirmative Defense: Disclosure and Amendment**

Defendant did not transfer or conceal property with intent to hinder, delay, or defraud Plaintiff, any other creditor, or an officer of the estate. Defendant denies that any error or omission in his bankruptcy filings was made knowingly and fraudulently. Schedule I disclosed Defendant's employment with Watson Civil Construction and his gross monthly wages of $7,360.00. Defendant amended Schedule E/F on May 28, 2026, and filed a further Amended Statement of Financial Affairs on June 26, 2026, disclosing his 2025 and 2026 income. Defendant's earnings from services performed after the petition date are not property of the Chapter 7 estate under 11 U.S.C. § 541(a)(6).

**Twelfth Affirmative Defense: Immateriality**

Any inaccuracy in Defendant's schedules, Statements of Financial Affairs, or testimony was immaterial. The Chapter 7 Trustee filed a report of no distribution on May 29, 2026, finding no assets to administer. Defendant's debts are primarily business debts, so the means test does not apply and his income figures could not affect his eligibility for Chapter 7. No inaccuracy concealed property of the estate or impaired its administration.

**Thirteenth Affirmative Defense: Satisfactory Explanation — Ordinary Living Expenses**

Defendant's wages were deposited into his disclosed SoFi account and used, in whole or in part, for ordinary household expenses and other expenditures. Defendant disputes Plaintiff's calculation of the allegedly unexplained amount and denies that he failed to satisfactorily explain any loss or deficiency of assets under 11 U.S.C. § 727(a)(5).

**Fourteenth Affirmative Defense: Adequate Records; Justification**

Defendant's financial condition can be ascertained from his available pay records, bank statements, tax returns, and other financial records. To the extent any records are incomplete or unavailable, Defendant asserts that any deficiency was justified under all the circumstances.

**Fifteenth Affirmative Defense:**
**Failure to Establish Concealment or Unexplained Loss of Assets**

Plaintiff's calculation of Defendant's gross wages does not establish that those wages remained in Defendant's possession as assets or that their disposition is unexplained. Defendant's employment and wages were disclosed on Schedule I, and his wages were used, in whole or in part, for ordinary household expenses and other expenditures. Defendant denies that he concealed or transferred property with intent to hinder, delay, or defraud creditors, or failed to satisfactorily explain any loss or deficiency of assets under 11 U.S.C. §§ 727(a)(2) and (a)(5).

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendant reserves the right to amend these Affirmative Defenses and to add additional ones as discovery progresses.

## RESERVATION OF RIGHT TO AMEND

Defendant reserves the right to amend to add other defenses, counterclaims, and crossclaims.

## CONCLUSION

WHEREFORE, Defendant prays that the Court will deny all relief sought in the Complaint, award Defendant his fees and costs for having to defend this action, and for such relief that the Court deems just and proper.

Respectfully submitted this 3rd day of November, 2026,

/s/ Cole B. Branson
COLE B. BRANSON, ESQ.
Florida Bar No. 1049610
**Branson Ainsworth PLLC**
1501 E. Concord St.
Orlando, FL 32803
Phone: 407-894-6834
Fax: 407-894-8559
E-mail: cole@bransonlaw.com
Secondary: tammy@bransonlaw.com
nataly@bransonlaw.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of November, 2026, a true and correct copy of the foregoing has been provided electronically via the Court's CM/ECF Filing System to all recipients registered to receive electronic notice and via U.S. mail to Plaintiff: James Michael O'Hara, 19141 Sabal Street, Orlando, Florida 32833.

/s/ Cole B. Branson
COLE B. BRANSON
**Branson Ainsworth PLLC**